DeWayne KETCHUM, Everett L. Richardson, Jr., Robert J. Harris, Barbara A. Nearon, Theodore I. Busch, Jr., Levette Parish, Plaintiffs,

v.

SUNOCO, INC. Defendant.

No. C.A.01–CV–1042.

United States District Court,
E.D. Pennsylvania.

July 11, 2003.

Susan R. Becker, U.S. Attorney's Office, Assistant United States Attorney, Christin E. Connolly, Charisse R. Lillie, Maureen M. Rayborn, Ballard, Spahr, Andrews & Ingersoll, LLP, Philadelphia, PA, for Defendant.

Martin J. D'Urso, Kohn, Swift & Graf, P.C., Robert T. Vance, Jr., Law Offices of Robert T. Vance, Jr., Philadelphia, PA, for Plaintiffs.

## *MEMORANDUM*

GREEN, Senior District Judge.

In their complaint Plaintiffs seek relief from the alleged employment discrimination of Defendant Sunoco, Inc. ("Sunoco"). Their complaint recites that this action is brought pursuant to 42 U.S.C. §§ 2000d–2 and 2000e–5(f), as amended, and the Civil Rights Act of 1866, 42 U.S.C. § 1981. Presently before the Court is Plaintiffs' motion for class certifica-

tion under Fed.R.Civ.P. 23(b)(2) and/or 23(b)(3) and the memoranda in support and in opposition thereto. The parties have been granted full discovery on all certification issues. Also, a certification hearing has been held and the testimony of expert witnesses presented. Counsel for the parties have been afforded full opportunity for oral argument. Thus, the Court decides these certification issues on a full certification record. For the reasons stated below, I will grant Plaintiffs' motion in part as it relates to certification under Fed.R.Civ.P. 23(b)(2), and I will order withdrawn Plaintiffs' motion for certification under Rule 23(b)(3).

## I. BACKGROUND

Plaintiffs seek to represent a class consisting of "all Black exempt employees of [Defendant Sunoco] employed within the Philadelphia area at any time during the period January 1, 1996 to the present" pursuant to Federal Rule of Civil Procedure 23.[1] At the outset it must be noted that during oral argument counsel for the Plaintiffs modified Plaintiffs' motion for certification and withdrew their request for certification under Fed.R.Civ.P. 23(b)(3). *See* Transcript of Oral Argument, page 143, lines 19–22. Also, Plaintiffs' counsel limited the request for relief pursuant to 23(b)(2) to declaratory and injunctive relief and withdrew Plaintiffs' request for individual monetary damages and instead will seek only equitable damages for the class. Plaintiffs' counsel stated on the record that he will rely principally on statistical evidence to establish the discriminatory impact of Defendant's personnel policies.

Defendant contends that the statistical evidence presented by Plaintiffs is insufficient to establish that Plaintiffs were discriminated against in employment, advancement, promotion or compensation. Defendant argues that the testimony of their expert, Doctor Siskin, completely refutes the testimony of Plaintiffs' expert Doctor Madden, and as Doctor Madden failed to consider all of the variables suggested as necessary by Doctor Siskin, her evidence should not be credited. Absent the statistical evidence, Defendant

contends Plaintiffs cannot establish a right to certification.

The experts used the same statistical database; however, they disagree as to the necessary combination of variable factors to be considered in reaching an opinion regarding the statistical significance of the evidence as it relates to discriminatory employment policies. Thus where Plaintiffs' expert found statistically significant evidence of discrimination, Defendant's expert reached the opposite conclusion. Defendant argues that this Court should at this time make a finding as to the merits of the litigation. However, I conclude that *General Telephone Co. v. Falcon*,[2] relied upon by Defendant to support its merit determination argument, requires only that the Court not accept the bald assertions of the complaint regarding class action certification and instead imposes a duty on the Court to carefully scrutinize the record to determine if there is an evidentiary basis for Plaintiffs' request for certification without deciding the merits of the controversy. I have carefully reviewed the record and conclude that the evidence of Plaintiffs' expert Doctor Madden, even as challenged by Defendant's expert Dr. Siskin, if credited, is sufficient to permit a determination that company employment policies as applied have a discriminatory impact adverse to the named Plaintiffs and the proposed class. In deciding that Plaintiffs have made the necessary showing to proceed by way of class action, I do not express an opinion as to the ultimate outcome or merits of the litigation.

## II. DISCUSSION

To obtain certification, Plaintiffs are required to show that the purported class meets the four prerequisites of Rule 23(a) and at least one of the elements of Rule 23(b). *See Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir.1994). Rule 23(a) provides four prerequisites to a class action:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the

---

**1.** Plaintiffs describe exempt employees generally as salaried non-union professionals.

**2.** 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982).

representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a). Defendant argues that Plaintiffs cannot meet any of the requirements of Rule 23(a) or 23(b)(2), accordingly I address those requirements.

## A. 23(a)

### 1. Numerosity

■ Plaintiffs allege that the proposed class will consist of at least 170 current Sunoco employees and with the inclusion of former Sunoco employees the class size could increase to approximately 200. In the Third Circuit there is no minimum number required for class action certification. Generally, if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the numerosity requirement of Rule 23(a) has been met. *Stewart v. Abraham*, 275 F.3d 220, 227–228 (3rd Cir.2001). At oral argument Defendant conceded the Plaintiffs have technically met the number requirement. *See* Transcript page 124, lines 6—8. However, Defendant argues that it is not impractical to join the members of the proposed class as all appear to reside in the Philadelphia region. Given the size of the proposed class I have no difficulty finding that joinder is impractical and note that Defendant has not cited to any authority in the Third Circuit that even suggests that the impracticability requirement would not be met under the circumstances here. Accordingly, Plaintiffs satisfy the numerosity requirement of Rule 23(a).

### 2. Commonality

■ Commonality requires that the named plaintiffs share at least one question of fact or law with the claims of the prospective class. *Baby Neal v. Casey*, 43 F.3d 48, 56 (3d Cir.1994). In its opposition to certification the Defendant argues that the Plaintiffs have failed to identify a question of fact or law common to the class. Plaintiffs allege that Defendant's advancement and promotion practices, in particular the lack of a posting policy, the in-family and competitive promotional practices and the Executive/Human Resources Development Committee promotion procedures, perpetuate racial discrimination against Black exempt employees and are unlawful. Plaintiffs allege that due to Sunoco's promotional policies the class members were denied promotions and compensation in favor of less qualified non-Blacks. So long as class members assert a common complaint and demonstrate they are subject to the same harm, commonality exists. *Id.* The Court concludes that common questions exist as to whether Defendant's advancement, promotional and compensation practices are unlawful. Therefore, the commonality requirement has been satisfied.

### 3. Typicality (Rule 23(a)(3))

■ Defendant Sunoco argues the claims of the Plaintiffs are not typical of the class because each person's claim is personal to that plaintiff, that none of the claims have the same essential characteristics, and that the claims are based on different legal theories and will require a different defense for each claim.

The typicality requirement is intended to assess whether the action can be efficiently maintained as a class and whether the legal theories of the named plaintiffs are aligned with those of the absent class members. *Baby Neal v. Casey*, 43 F.3d 48, 57 (3rd Cir.1994). The typicality requirement is satisfied if the named plaintiffs' claims arise from the same event or course of conduct that gives rise to the claims of other class members and is based on the same legal theory. *See id.* at 58. Even pronounced factual differences will generally not preclude a finding of typicality where there is a strong similarity of legal theories. *Id.; see also Zeffiro v. First Pa. Banking and Trust Co.*, 96 F.R.D. 567, 570 (1983)(where the representative plaintiff and the other members of the class share an interest in prevailing on similar legal claims, particular factual differences, differences in the amount of damages claimed, or even the availability of certain defenses against a class representative may not render his or her claims atypical).

This Court concludes that the claims of the Plaintiffs are typical of the Class. Plaintiffs allege that at all times relevant the Plaintiffs

and class members were all subject to the same promotional polices and the Plaintiffs seek to resolve whether the Defendant's promotional practices illegally discriminate against African–American employees. Defendant has failed to demonstrate that the legal theories of the class representatives conflict with those of the absent class members. *Id.* at 57–58. Thus, the typicality requirement has been met.

### 4. Adequacy of Representation (Rule 23(a)(4))

■ "Adequate representation depends on two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (b) the plaintiff must not have interests antagonistic to those of the class." *Weiss v. York Hosp.*, 745 F.2d 786, 811 (3d Cir.1984). Defendants do not dispute that Plaintiffs' attorney is qualified, experienced and able to conduct this litigation.

The Defendant does contend however that the Plaintiffs are not adequate representatives for the class as their claims conflict with each other as well as other potential class members. The Defendant argues that in many instances Plaintiffs were in contention for promotions against other class members and that in some instances the decision makers were potential class members. This conflict Defendant argues bars Plaintiffs from representation. As previously discussed, Plaintiffs have withdrawn their motion for certification under Fed.R.Civ.P. 23(b)(3) and instead rely on Fed.R.Civ.P. 23(b)(2) for class certification. As Plaintiffs are seeking primarily injunctive relief, relief that would be the same for all class members, the conflict between the Plaintiffs and/or any potential class members is at best de minimus. *See McReynolds v. Sodexho Marriott Services, Inc.*, 208 F.R.D. 428, 446 (D.D.C.2002).

### B. Fed. R.Civ. P. 23(b)(2)

■ Certification under Fed.R.Civ.P. 23(b)(2) is appropriate when "the party opposing the class has acted or refused to act on grounds generally applicable to the class thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole ..." Fed.R.Civ.P. 23(b)(2). Plaintiffs' counsel has stated on the record that the relief sought is primarily injunctive with any equitable relief the Court may deem appropriate. Defendant objects that the proposed class lacks cohesion as some claims may be timed barred and will require an individual examination of the merits of each claim. Such individual examination will not be necessary under a certification limited to Rule 23(b)(2) as Plaintiffs seek only general equitable relief as distinguished from individual claims for relief.

If Plaintiffs deviate from this announced goal to seek only general equitable relief, the Defendant may always move for and the Court may consider modification. *See* Fed. R.Civ.P. 23(c)(1) and *Kuehner v. Heckler*, 778 F.2d, 152, 162 (3d Cir.1985).

## III. CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiffs have met the requirements of Fed.R.Civ.P. 23(a) and 23(b)(2) for class action certification as to their claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d–2 and 2000e–5(f), as amended, and the Civil Rights Act of 1866, 42 U.S.C. § 1981. The Court accepts the statements of Plaintiffs' counsel that he will not attempt to prove individual case claims asserted by class members under Rule 23(b)(3). The Class shall consist of all Black exempt employees of Defendant Sunoco employed within the Philadelphia area from January 1, 1996 to the present pursuant to Fed.R.Civ.P. 23(b)(2).